(88 South. 193)

### BEARD v. STATE.   (6 Div. 669.)

(Court of Appeals of Alabama.   June 1, 1920.
Rehearing Denied June 22, 1920.)

INDICTMENT AND INFORMATION ⊚⟶190 — UN-
DER INDICTMENT FOR AN OFFENSE CONVIC-
TION MAY BE FOR ATTEMPT.

By express provision of Code 1907, § 6311,
on trial of an indictment for any offense, the
jury, though finding defendant not guilty of the
offense charged, may, if the evidence warrants
it, find him guilty of an attempt to commit such
offense; so that a charge, to acquit in case of
doubt whether the treatment produced the abor-
tion charged in the indictment, is properly re-
fused.

Appeal from Circuit Court, Cullman Coun-
ty; O. Kyle, Judge.

Marion Beard was convicted of an attempt
to produce an abortion, and appeals.   Af-
firmed.

Petition for certiorari dismissed 204· Ala.
697, 86 South. 926.

F. E. St. John, of Cullman, for appellant.

The charge requested by defendant should
have been given.   117 Ala. 133, 23 South.
144.   The defendant could not be said to be
an aider or abettor under the evidence.   59
Ala. 106; 90 Ala. 583, 8 South. 812.   The
affirmative charge should therefore have
been given for the defendant.

J. Q. Smith, Atty. Gen., and Lamar Field,
Asst. Atty. Gen., for the State.

No brief reached the Reporter.

MERRITT, J.   The affidavit of the trial
judge shows the bill of exceptions was filed
within the time provided by law, and the mo-
tion to strike the bill of exceptions is over-
ruled.

The defendant was convicted under an in-
dictment containing two counts; the first
charging that he was guilty of an abortion,
and the second charging that he aided, abet-
ted, or advised in procuring an abortion.
The following written charge was refused to
the defendant:

"Even though the defendant may have ad-
vised the witness Mrs. Speegle to go to Dr.
Cossey to have an abortion produced, and
gave her $25 to pay for the operation, still the
defendant would not be guilty in this case un-
less the treatment that Dr. Cossey and Dr.
Hays, gave her produced the miscarriage or
abortion, and if after a consideration of all the
evidence in this case you have a reasonable
doubt as to whether the treatment of the doc-
tors produced the abortion, you must find the
defendant not guilty."

There was no error in the refusal of this
charge.   Section 6311 of the Code of 1907
provides:

"Upon the trial of an indictment for any of-
fense, the jury may find the accused not guilty
of the offense charged in the indictment, but,
if the evidence warrants it, guilty of an attempt
to commit such offense, without any special
count in the indictment for such attempt."

Under this section, if the evidence war-
ranted it, it was permissible to convict the
defendant of an attempt to procure an abor-
tion, and the giving of the written charge
as asked for would have meant the acquittal
of the defendant in the face of this statute.

This much may also be said of the refusal
of the court to given the general affirmative
charge requested in writing by the defendant.

There is no error in the record, and the
case must be affirmed.

Affirmed.